*Rivera-de Membreno v. Blanche*

BIA
Spencer, IJ
A209 421 513

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand twenty-six.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MARGARITA LISSETTE RIVERA-DE MEMBRENO,
> *Petitioner,*

v.

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

23-7865
NAC

FOR PETITIONER:            Bruno J. Bembi, Law Office of Bruno J. Bembi, Hempstead, NY.

FOR RESPONDENT:            Brian M. Boynton, Principal Deputy Assistant Attorney General; Sarah A. Byrd, Senior Litigation Counsel; Stephanie L. Groff, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Margarita Lissette Rivera-de Membreno ("Rivera"), a native and citizen of El Salvador, seeks review of a November 2, 2023, decision of the BIA affirming an October 29, 2019, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Rivera-de Membreno*, No. A 209 421 513 (B.I.A. Nov. 2, 2023), *aff'g* No. A 209 421 513 (Immigr. Ct. N.Y.C. Oct. 29, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented

by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We generally review the agency's "legal conclusions *de novo*, and its factual findings . . . under the substantial evidence standard." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (citation modified). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).[1]

## I. Agency Jurisdiction

Rivera argues for the first time on appeal that the agency lacked jurisdiction over her because her notice to appear omitted the date and time of her initial hearing and was therefore defective. *See* 8 U.S.C. § 1229(a)(1)(G)(i) (requiring that a notice to appear specify "[t]he time and place at which the proceedings will be held"). But "we have already held that omission of the time and place from a notice to appear does not deprive an immigration judge of jurisdiction over removal proceedings." *Penaranda Arevalo v. Bondi*, 130 F.4th 325, 336 (2d Cir. 2025); *see also Cupete v. Garland*, 29 F.4th 53, 57 (2d Cir. 2022). "Section 1229(a)(1)

---

[1] We note that Rivera's brief does not comply fully with Federal Rule of Appellate Procedure 28. Counsel is cautioned that future briefing deficiencies may result in dismissal without consideration of the merits and potentially in referral for disciplinary action.

creates a mandatory *but non-jurisdictional*, claim-processing rule that is subject to waiver and forfeiture."  *Arevalo*, 130 F.4th at 336 (emphasis added).  In any event, because Rivera did not raise this argument before the agency, the issue is not properly before us.  *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

## II.    Asylum and Withholding of Removal

Turning to the merits, we deny the petition as to Rivera's claims for asylum and withholding of removal.   An applicant for asylum or withholding of removal has the burden to demonstrate past persecution or, for asylum, a well-founded fear of future persecution, or, for withholding of removal, a likelihood of future persecution.  *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b).   To constitute persecution, abuse must be inflicted by government officials or by actors the government is "unable or unwilling to control."   *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (quoting *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015)).   "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not

4

actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (citation modified).

As the Supreme Court has recently explained, the relevant statute "requires substantial-evidence review for the entirety of the persecution determination." *Urias-Orellana v. Bondi*, 607 U.S. 537, 545 (2026). The agency did not err in finding that Rivera failed to demonstrate past persecution or a well-founded fear of future persecution because Rivera did not establish that the government of El Salvador was or would be "unable or unwilling to control" the alleged persecutors. Substantial evidence supported the agency's finding that the government of El Salvador made significant efforts to apprehend the alleged persecutors. *See* Certified Admin. R. ("CAR") at 32. Indeed, the agency credited Rivera's own testimony that Jose and his son had been arrested and imprisoned for the murder of her uncle. *See* CAR at 30, 89-91. Moreover, the Salvadoran government prosecuted and convicted the two individuals specifically identified by Rivera as having killed her relatives; this defeats Rivera's claim that the government is unable or unwilling to control the perpetrators. To the extent Rivera contends that other unspecified members of Jose's family remain at liberty to target her, she

fails to adequately explain or support this claim.

Accordingly, because Rivera failed to meet her burden to show past persecution or a well-founded fear of future persecution by government actors or by persons the Salvadoran government was, or would be, unable or unwilling to control, the agency did not err in denying her claims for asylum and withholding of removal. *See Scarlett*, 957 F.3d at 328-29.

### III. Convention Against Torture

We also deny the petition as to Rivera's CAT claim. The BIA concluded that Rivera waived this claim by failing to "meaningfully challenge[] denial of her application for protection under the CAT." CAR at 4. Rivera does not acknowledge or challenge that waiver finding here and thus has abandoned review of that aspect of the BIA's decision. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (citation modified)).

We have considered Rivera's remaining arguments and find them to be without merit.

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court